William Eric FOUTS; Geri Lynn
Fouts, Plaintiffs—
Appellants,

v.

COUNTY OF CLARK, a political subdivision of the State of Nevada; Jim Forman; Cindy Lucas; Barry Lagan; Las Vegas Metropolitan Police Department, Defendants—Appellees.

No. 02–16635.

D.C. No. CV–00–01153–KJD/PAL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 11, 2003.

Decided Sept. 30, 2003.

Cal J. Potter, III, Esq., Jason J. Bach, Potter Law Offices, Las Vegas, NV, for Plaintiffs–Appellants.

Steven Sweikert, Office of the District Attorney, Peter M. Angulo, Esq., Rawlings Olson Cannon Gormley & Desruisseaux, Las Vegas, NV, for Defendants–Appellees.

Before HALL, O'SCANNLAIN, and LEAVY, Circuit Judges.

## MEMORANDUM *

William and Geri Fouts ("the Foutses") appeal the district court's summary judgment in favor of the County of Clark, the Las Vegas Metropolitan Police Department, and three county public response officers in the Foutses' 42 U.S.C. § 1983 action alleging that the defendants unlawfully removed a number of inoperative vehicles from the 1.1 acres surrounding the Foutses' home. We have jurisdiction over this timely appeal under 28 U.S.C. § 1291 and, after de novo review, we affirm.

■ Because the parties are familiar with the facts, we recite them here only as necessary to our disposition. The warrant requirement of the Fourth Amendment, as applied to the states via the Fourteenth Amendment, applies to entry onto private land to search for and abate suspected nuisances. *Conner v. City of Santa Ana,* 897 F.2d 1487, 1490–91 (9th Cir.1990). However, judicial processes other than the issuance of a warrant can satisfy the Fourth Amendment. *See Marshall v. Barlow's Inc.,* 436 U.S. 307, 323–25, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978); *Conner,* 897 F.2d at 1491 n. 7; *see also Henderson v. Simi Valley,* 305 F.3d 1052, 1057–58 (9th Cir.2002). Nevada state court review and affirmance of the county's abatement order met the *Barlow's* requirements. The court, a neutral forum, reviewed and dismissed the Foutses' complaint challenging the county's authority to abate the nuisance on their property, and denied the Foutses' motion for a preliminary junction, holding that the county's decision to abate was supported by substantial evidence. The Notice of Abatement limited the scope and objects of the seizure.

There is no merit to the Foutses' argument that the court's oral ruling was insufficient. We give the same full faith and credit to a Nevada state court's oral order that the states court would give the oral order. *See Southeast Resource Recovery Facility Auth. v. Montenay Int'l Corp.,* 973 F.2d 711, 712–13 (9th Cir.1992). The Nevada courts give oral orders the same effect as written ones. *See e.g., Lewis v. Second Judicial District Court, In and For County of Washoe,* 113 Nev. 106, 930 P.2d 770, 774–75 (Nev.1997). Therefore, the Nevada court's oral order met Fourth Amendment requirements for the seizure of the Foutses' vehicles.

■ "The fundamental requirements of procedural due process are notice and an opportunity to be heard before the government may deprive a person of a protected liberty or property interest." *Conner,* 897 F.2d at 1492. Judicial involvement in the process is not required by the Constitution. *See id.* The Foutses were afforded notice and several opportunities to be heard before their vehicles were seized. Thus, their procedural due process claim is without merit.

"Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process must be the guide for analyzing these claims." *Albright v. Oliver,* 510 U.S. 266, 273, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (Rehnquist, C.J., for plurality). Thus, the Foutses' substantive due process claim fails because it is preempted by their Fourth and Fifth Amendment claims. *See Armendariz v. Penman,* 75 F.3d 1311, 1320 (9th Cir.1996) (en banc).

■ The Foutses' Fifth Amendment takings claim fails for two reasons. First, there is no evidence in the record that the automobiles that were not returned to the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Foutses had any value. Second, the Foutses' vehicles were abated because the automobiles themselves were a public nuisance. "Courts have consistently held that a State need not provide compensation when it diminishes or destroys the value of property by stopping illegal activity or abating a public nuisance." *Keystone Bituminous Coal Ass'n v. DeBenedictis,* 480 U.S. 470, 492 n. 22, 107 S.Ct. 1232, 94 L.Ed.2d 472 (1987).

We need not reach the issue whether the individual defendants are entitled to qualified immunity because there has been no violation of a constitutional right. *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

AFFIRMED.